JEFFREY A. DICKERSON
Nevada Bar No. 2690
9655 Gateway Dr., Suite B
Reno, NV 89521
(775) 786-6664

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

\* \* \*

BRITISH AMERICAN INVESTMENTS, LLC,
a Nevada limited liability corporation,

    Plaintiff,

vs.

FIESTA PROPERTIES, LLC,
a Delaware corporation, COMPASS PARTNERS, LLC, a Delaware corporation, DAVID BLATT,
an individual, INVESTOR'S TITLE INSURANCE COMPANY, a foreign corporation

    Defendants.
_____/

CASE NO. 3:07-CV-367

AMENDED COMPLAINT AND JURY DEMAND

Plaintiff for its amended complaint against Defendants complains and avers as avers as follows:

I.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exclusive of interests and costs exceeds $75,000.00. Venue lies in this district as general and specific jurisdiction exists here and the transactions at issue transpired here.

II.

On August 28, 2006, British American Investments, LLC and Fiesta Properties LLC entered into an agreement for purchase and sale of real property attached to the original complaint as Exhibit A, and incorporated herein by reference.

### III.

On October 18, 2006, Plaintiff terminated the agreement pursuant to an October 18, 2006 letter from its lawyer, attached as Exhibit B to the original complaint and incorporated by reference herein.

### IV.

Defendant Blatt, acting as agent of the other two Defendants, made false representations of material fact to Plaintiff regarding the condition of the property, its occupancy, and the intent of the Defendants to perform under the agreement.

### V.

Plaintiff reasonably, and justifiably and detrimentally relied upon these false representations of fact, which were made orally and in writing, including concerning vacancy rates, occupancy rates and habitability of units. Although the property was to be purchased as-is, seller's agent represented in writing that ten identified units were uninhabitable when later inspection revealed as many as thirty units being uninhabitable due mostly to the absence of functioning HVAC units. Seller's agent represented the occupancy rate with rent rolls that were knowingly false and represented vacancy rates with vacancy reports that were knowingly false. This created a material adverse change in the physical condition of the property after the contract date, giving rise to breach of the covenants set forth in section 22 of the agreement, such that no cure would have been possible by the closing date under the contract. Accordingly, the Plaintiff acted within its rights under the contract in declaring on October 18, 2006 in writing that the conditions precedent to Plaintiff's obligation to close contained in section 24 of the agreement could not be met, and that the agreement was thus terminated and requesting return of the earnest money Plaintiff had deposited into escrow with the title company defendant.

### VI.

Pursuant to the agreement, Plaintiff deposited with Investor's Title Insurance Company the sum of $150,000.00. As reflected in Exhibit B, demand for payment of the same was made because termination of the agreement was based upon the failure of a condition

precedent that Defendants failed to satisfy.

VII.

Defendants fail, continue to fail and refuse to instruct the escrow holder to release the sum of $150,000.00 to Plaintiff, necessitating this action.

FIRST CLAIM FOR RELIEF

VIII.

Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs I-VII herein above as though fully set forth at this point.

IX.

Defendants engaged in intentional misrepresentations of material fact of or concerning the subject property and agreement with the intention to defraud the Plaintiff of at least the deposit money and to cause resulting inconvenience, loss of benefit of the bargain, and out-of-pocket expense. Specifically, they represented the habitability rate, vacancy rate and occupancy rate with figures which were knowingly false, intended to induce reliance by Plaintiff, which induced reliance, detrimentally and justifiably so.

X.

Plaintiff is entitled to recover damages for benefit of the bargain and/or out of pocket loss under the tort of misrepresentation.

XI.

Because the conduct of the Defendants was fraudulent, Plaintiff is entitled to recover punitive damages.

SECOND CLAIM FOR RELIEF

XII.

Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs I-XI herein above as though fully set forth at this point.

XIII.

Defendant Fiesta is in breach of contract for its failure to instruct the title company to return the deposit monies to Plaintiff. In addition to the misrepresentation issues, which

Plaintiff claims were also a breach of contract and/or a contract breach of the implied covenant, Fiesta is in breach for treating those monies as liquidated damages under the agreement it breached by not maintaining the property in good working condition and not using best reasonable efforts to increase occupancy of the property as required by section 22 of the agreement. Fiesta failed to continue to advertise vacancies, causing the vacancy rate to actually increase significantly since the date of the contract.

XIV.

As a result fo this, Plaintiff is entitled to recover contract damages and any consequential and incidental damages resulting therefrom.

THIRD CLAIM FOR RELIEF

XV.

Plaintiff refers to and by such reference incorporates herein each, every and all averments contained in paragraphs 1-XIV herein above as though fully set forth at this point.

XVI.

The title company should be ordered to deposit the disputed sum into the registry of the Court as interpleaded money over which there is a genuine and existing controversy between the parties, and there is no other party other than those to this action having an interest in said funds.

XVII.

The Court should declare the relative rights and obligations of the parties to the deposited sum.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, jointly and severally, for the aforementioned relief, pre-judgment interest, reasonable attorneys fees and costs of suit, and such other and further relief as the Court deems just and proper.

DATED 12/4/07

LAW OFFICE OF
JEFFREY A. DICKERSON

JEFFREY A. DICKERSON

JAD/kdd/taylor-fiesta/complain fed amd            4
Case 3:07-cv-00367-RJC-DCK   Document 37   Filed 12/04/07   Page 4 of 5

# CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the Amended Complaint and Jury Demand on the ___4___ day of December, 2007, in this action by electronic filing, and electronic mail, as well as depositing a copy of the same in a postage paid depository under the exclusive care of the United States Post Office Department addressed to:

Charles M. Viser
James, McElroy & Diehl, PA
600 South College St., Ste. 3000
Charlotte, NC 28202
cviser@jmdlaw.com

James K. Pendergrass, Jr.
P.O. Drawer 33809
Raleigh, NC 27636
jpendergrass@pendergrasslawfirm.com

_____
Signature

Jeffrey A. Dickerson, Esq.
9655 Gateway Dr., Suite B
Reno, NV. 89521
(775) 786-6664